# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-1799D

Robert S. Connors
_____, Plaintiff(s)

v.

National Railroad Passenger Corp.
_____, Defendant(s)
D/B/A Amtrak

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _____
Scott C. Holmes
_____
plaintiff's attorney, whose address is  10 Tremont St., Suite 400 Boston, MA  , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

  (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

## PROOF OF SERVICE OF PROCESS



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

July 8, 2011

I hereby certify and return that on 6/23/2011 at 12:30PM I served a true and attested copy of the Summons, Complaint and Tracking Order in this action in the following manner: To wit, by delivering in hand to Sandra Bernotos, Receptionist agent and person in charge at the time of service for National Railroad Passenger Corp., D/B/A Amtrak, at, 253 Summer Street, Boston, MA. Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $37.00

Deputy Sheriff   Gerard J. Dhooge

*Deputy Sheriff*

, 200 .

11013767

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss
SUPERIOR COURT
C. A. NO: 11-1799

ROBERT S. CONNORS,

PLAINTIFF,

v.

NATIONAL RAILROAD PASSENGER CORP.
D/B/A AMTRAK, MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY, AND JOHN
DOE 1,

DEFENDANTS.

RECEIVED
MAY 12 2011
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### THE PARTIES

1. The Plaintiff, Robert S. Connors, currently resides at 10 Forest Street, Winchester, Massachusetts.

2. The Defendant, National Railroad Passenger Corp., is a for profit corporation organized and existing pursuant to the provisions of the Rail Passenger Service Act, 45 U.S.C. §501, et seq., and subject to the provisions of the laws of the District of Columbia, with a principal place of business located at 400 North Capital Street, N.W. Washington, D.C.  The Defendant, National Railroad Passenger Corp., d/b/a Amtrak does business within the Commonwealth of Massachusetts and has a usual place of business at 253 Summer Street, Boston, County of Suffolk, Commonwealth of Massachusetts. The Defendant was incorporated by or under an Act of Congress.  The United States of America is owner of more than one-half of the capital stock of the Defendant.

3. The Defendant, Massachusetts Bay Transportation Authority, is a transportation authority of the Commonwealth of Massachusetts with a principal place of business located at 10 Park Plaza, Boston, County of Suffolk, Commonwealth of Massachusetts.

1

4. The Defendant, John Doe 1, identity and address unknown, was the Engineer operating the train on the date of the Plaintiff's accident and as such was an agent, servant and/or employee of the Defendant, National Railroad Passenger Corp.

## FACTS

5. On May 13, 2009, the Plaintiff, Robert S. Connors, was walking in an area near northbound train tracks in Winchester, Massachusetts.

6. While walking in this area, an Amtrak train heading to North Station in Boston, Massachusetts approached at an excessive and dangerous rate of speed on the northbound tracks and without any warning or sounding of any signal.

7. The Amtrak train was traveling on the train tracks normally reserved for northbound trains but while heading in a southerly direction to Boston, Massachusetts.

8. As a direct and proximate result of the excessive and/or dangerous speed of the Amtrak train, and the failure of John Doe 1 to exercise reasonable caution, the force and pressure generated by the passing train pulled the Plaintiff from his feet and into the path of the train.

9. As common carriers, the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, and its agents, servants, and/or employees including but not limited to John Doe 1, had a duty to warn, operate, control and maintain its trains in a safe manner so as not to endanger people in the area of a passing train.

10. At the time of the Plaintiff's accident based upon information and belief, the Defendant Massachusetts Bay Transportation Authority was performing construction and/or rail maintenance on the train tracks it owns, controls and maintains.

11. The Amtrak train that caused the Plaintiff's injuries was operating with permission on the train tracks owned, controlled and maintained by the Massachusetts Bay Transportation Authority.

12. Based upon information and belief, the construction and/or maintenance in the area of the Plaintiff's accident caused the southbound train to operate on the train tracks routinely used for northbound trains.

13. Based upon information and belief, there were no warnings or construction personnel at or near the area of the Plaintiff's accident.

14. On May 13, 2009, the Defendants, National Railroad Passenger Corp., d/b/a Amtrak, and its agents, servants and employees including but not limited to John Doe 1, negligently and carelessly, and with extreme and reckless disregard for the safety, health and well being of the Plaintiff, operated the Amtrak train. Specifically, their negligence included, but is not limited, to the following:

    a. negligent and careless failure to maintain a reasonable and safe system of warning people on and in the area of passing trains; and

    b. operating a train at an excessive, unreasonable and inherently dangerous speed in the area of the Plaintiff's accident.

15. On May 13, 2009, the Defendant Massachusetts Bay Transportation Authority, its agents, servants or employees negligently and carelessly, and with extreme disregard for the safety, health and well being of the Plaintiff failed to warn the Plaintiff of construction and/or maintenance in the area of the Plaintiff's accident that would have a southbound train travel on the tracks routinely used by northbound trains.

16. As a result of the negligent, carelessness and extreme disregard for the safety of the Plaintiff, the Defendant, National Railroad Passenger Corp., d/b/a Amtrak and its agents, servants and employees, including, but not limited to John Doe 1, the Plaintiff, Robert S. Connors, was caused to suffer sever and disabling personal injuries, including, but not limited to, amputation of his right hand, severed arteries and nerves in his right shoulder, a shattered pelvis requiring complete reconstruction, left tibia and fibula fractures, a closed head injury, multiple surgeries on various parts of his body, extensive past medical bills, loss of wages and earning capacity, great emotional pain and suffering and will endure future medical treatment to address these permanent injuries.

17. As a result of the negligent, carelessness and extreme disregard for the safety of the Plaintiff, the Defendant, Massachusetts Bay Transportation Authority and its agents, servants and employees, the Plaintiff, Robert S. Connors, was caused to suffer sever and disabling personal injuries, including, but not limited to, amputation of his right hand, severed arteries and nerves in his right shoulder, a shattered pelvis requiring complete reconstruction, left tibia and fibula fractures, a closed head injury, multiple surgeries on various parts of his body, extensive past medical bills, loss of wages and earning capacity, great emotional pain and suffering and will endure future medical treatment to address these permanent injuries.

## CAUSES OF ACTION

(EACH CAUSE OF ACTION INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPH HEREIN BEFORE SET FORTH)

### FIRST CAUSE OF ACTION

18. This is a cause of action by the Plaintiff, Robert S. Connors, for negligence against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, for personal injuries.

### SECOND CAUSE OF ACTION

19. This is a cause of action by the Plaintiff, Robert S. Connors, for negligence against the Defendant, John Doe 1, for personal injuries.

### THIRD CAUSE OF ACTION

20. This is a cause of action by the Plaintiff, Robert S. Connors, for negligence against the Defendant, Massachusetts Bay Transportation Authority, for personal injuries.

### DEMANDS FOR JUDGMENT

21. The Plaintiff, Robert S. Connors, demands judgment against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, together with interest and costs as to the First Cause of Action.

22. The Plaintiff, Robert S. Connors, demands judgment against the Defendant, John Doe 1, together with interest and costs as to the Second Cause of Action.

23. The Plaintiff, Robert S. Connors, demands judgment against the Defendant, Massachusetts Bay Transportation Authority, together with interest and costs as to the Third Cause of Action.

### JURY CLAIM

24. The Plaintiff, Robert S. Connors, claims a trial by jury on all causes of action.

The Plaintiff,
by his attorney,

/s/ Scott C. Holmes

Scott C. Holmes, BBO 544545
10 Tremont Street, Suite 400
Boston, MA 02108
617.557.0001
Scott@ScottCHolmes.com

DATED: 5-12-11